UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER D.,

                                    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

                                    Defendant.

Case No. 23-10251

Magistrate Judge Elizabeth A. Stafford

---

### ORDER GRANTING PETITIONER'S APPLICATION
### FOR SECTION 406(b) ATTORNEY'S FEES (ECF NO. 15)

---

## I.    Introduction and Background

Petitioner Howard D. Olinsky, counsel for Plaintiff Peter D. on his federal appeals case, seeks reimbursement for attorney's fees under 42 U.S.C. § 406(b) of the Social Security Act.  ECF No. 15.  The petitioner requests $11,782.25 of the $17,782.18 that the Social Security Administration (SSA) withheld from plaintiff's award of past-due benefits as potential attorney's fees.  ECF No. 15-1, PageID.1831; ECF No. 15-3, PageID.1840.  The request is not greater than 25% of plaintiff's past-due award.  ECF No. 15-1, PageID.1831.  Petitioner also states that he would reimburse plaintiff the $5,923.96 that was awarded under the Equal Access

to Justice Act (EAJA), 28 U.S.C. § 2412.  *Id.*, PageID.1832.  The

Commissioner of Social Security (Commissioner) does not object to an

award in the amount that petitioner requests.  ECF No. 16.

## II.    Analysis

Section 406(b) allows an attorney fee of up to 25% of past due

benefits under contingency-fee agreements, but the amount must be tested

for reasonableness.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 808-09 (2002).

There is a rebuttable presumption that a contingency-fee agreement with a

cap of 25% is reasonable, and such an award should be reduced only

when there is evidence of ineffectiveness or when an attorney would

receive an inordinate unwarranted windfall.  *Lasley v. Comm'r of Soc. Sec.*,

771 F.3d 308, 309 (6th Cir. 2014); *Hayes v. Sec'y of Health & Human

Servs.*, 923 F.2d 418, 421 (6th Cir. 1991).  To avoid such windfalls, district

courts consider the attorney's hours and standard rates in reviewing the

reasonableness of contingency fees.  *Gisbrecht,* 535 U.S. at 808.

Courts in the Sixth Circuit have found no windfall "when, in a case

where a contingent fee contract exists, the hypothetical hourly rate

determined by dividing the number of hours worked for the claimant into the

amount of the fee permitted under the contract is less than twice the

standard rate for such work in the relevant market." *Hayes*, 923 F.2d at 422.

> A multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately. In other words, a hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable.

*Id.* (cleaned up). If the calculated hourly rate is above this floor, then the court may consider arguments designed to rebut the presumed reasonableness of the attorney's fee. *Id.*

Here, the contingency fee permits petitioner to receive 25% of the total awarded to plaintiff. ECF No. 15-2, PageID.1835. Petitioner says that he and his associates worked 29.9 hours on the federal appeals case, while paralegals worked six hours, for a combined total of 35.9 hours.[1] ECF No. 15-1, PageID.1832; ECF No. 15-6; ECF No. 15-7. The amount the petitioner requests for his services ($11,782.25) divided by 35.9 equates to an average fee of about $328 per hour. A review of cases from this district reveals that an hourly rate of $250 to $500 is standard, and

---

[1] Plaintiff's hearing-level attorney has petitioned for a fee of $6,000.00—the remainder of the $17,782.18 that the SSA withheld from his award. ECF No. 15-4.

3

doubling and tripling that rate has been deemed appropriate for fees in disability benefits cases under *Hayes* and its progeny.  *See Hardy v. Berryhill*, No. 18-10743, 2020 WL 4199608, at *3 (E.D. Mich. July 22, 2020) (approving fee resulting in effective hourly rate of $750); *Szostek v. Berryhill*, No. 14-11531, 2017 WL 6943420, at *2 (E.D. Mich. Nov. 22, 2017), *adopted,* 2018 WL 398443 (E.D. Mich. Jan. 12, 2018) (collecting cases).  Petitioner's requested hourly fee is within the range of the standard hourly rate without a multiplier; it cannot be said that the fee he requests amounts to a windfall.

The Commissioner has not contested the reasonableness of the petitioner's request, and there is no evidence that petitioner was ineffective. Thus, petitioner's request for § 406(b) fees of $11,782.25 is reasonable. But the Court notes that petitioner's fee request and the hearing-level attorney's fee of $6,000.00 total $17,782.25, seven cents more than the $17,782.18 that the Commissioner withheld from plaintiff's award.  "If the amount withheld by the Commissioner is insufficient to satisfy the amount of fees determined reasonable by the court, the attorney must look to the claimant, not the past-due benefits, to recover the difference."  *Booth v. Comm'r of Soc. Sec.*, 645 F. App'x 455, 458 (6th Cir. 2016) (cleaned up).

4

Section 406(b) attorney's fees are paid directly to the attorney-petitioner, with no regard to preexisting debts.  42 U.S.C. § 406(b)(1)(A); *see also Astrue v. Ratliff*, 560 U.S. 586, 595 (2010).  Thus, the amount of $11,782.18 should be paid directly to the petitioner out of the past due benefits.  § 406(b)(1)(A).  The seven-cent difference must be recovered from plaintiff.  The petitioner must then refund the lesser award of attorney's fees—the $5,923.96 in EAJA fees—to plaintiff.  *Astrue*, 560 U.S. at 595-56.

## III.   Conclusion

The Court **GRANTS** petitioner's motion for § 406(b) attorney fees (ECF No. 15).  Olinsky is awarded $11,782.25 in attorney's fees, and he must refund plaintiff the EAJA award of $5,923.96.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: August 13, 2024

## **CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 13, 2024.

s/Donald Peruski
DONALD PERUSKI
Case Manager